IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| KENDELL C. VORIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 08-04025-CV-C-NKL |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Pending before the Court is the Commissioner's Motion to Substitute Party and Motion to Dismiss Plaintiff Kendell C. Voris's ("Voris") original complaint for lack of subject matter jurisdiction. [Doc. # 14].[1] The Commissioner's motions are granted.

**I.     Factual Background**

Voris brought this action because he argued that Jamie Evans, a local Social Security employee working in Springfield, Missouri, wrongfully cut his social security benefits. (Compl. ¶ 2). The Commissioner responds that Voris received $554 more in SSI benefits than he was eligible for during the period September 2007 through December 2007. The overpayment occurred because the SSA was not aware of Voris's separation from his wife. The SSA sent Voris notice on February 21, 2008, at his address of record.

---

[1] There is no serious dispute that, while Evans may be an employee with whom Voris has interacted, he is actually seeking relief from the United States for diminishing his benefits. The Court now substitutes the Commissioner of Social Security as the proper defendant. *See Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985).

1

The notice of overpayment included notification of the amount of the overpayment and the procedures to contest the overpayment and/or request a waiver. Voris did not appeal the reduction or request a waiver. The time for appeal has now expired. (Shumway Aff. ¶ 2c). In a letter dated March 29, 2008, the SSA advised Voris that his overpayment would be collected by withholding $63.70 per month from his SSI payment beginning in May 2008. Voris filed this action on January 30, 2008.

**II.    Discussion**

The Commissioner argues that a "review of the records of the SSA indicate that there is no 'final decision' by the SSA Commissioner" and therefore this Court lacks jurisdiction. 42 U.S.C. § 405(g). The Court agrees.

The record shows that the time for Voris to appeal the SSA's assessment of an overpayment has expired and therefore the "overpayment of $554 is currently being recovered by withholding $63.70 per month from [Voris's] SSI payment." (Shumway Aff. ¶ 2e). Voris had the opportunity to dispute the Commissioner's basis for diminishing his SSI payment, and has not done so. Voris may seek judicial review of the Commissioner's decision in this case only after a final decision by the Commissioner "made after a hearing." 42 U.S.C. § 405(g); *see Medellin v. Shalala*, 23 F.3d 199, 202 nn.4-5 (8th Cir. 1994). Because Voris has not shown he requested a hearing before an ALJ to appeal either the decision to temporarily diminish his benefits or to deny a waiver of his overpayment, Voris did not exhaust his administrative remedies. *See* 20 C.F.R. §§ 404.929 - .933 (request for hearing before ALJ); 404.967 (Appeals Council review);

404.981 (judicial review). Although the exhaustion requirement may be waived in certain limited circumstances, *see Rodabaugh v. Sullivan*, 943 F.2d 855, 857 (8th Cir. 1991), Voris has not met those conditions. *Rowden v. Warden*, 89 F.3d 536, 537 (8th Cir. 1996).

## III.  Conclusion

Because this Court is without jurisdiction to hear Voris's claim, the matter is dismissed without prejudice. *Henderson v. Apfel*, 1998 U.S. App. LEXIS 28998 (8th Cir. 1998).

Accordingly, it is hereby

ORDERED that the Commissioner's Motion to Substitute Party and Motion to Dismiss [Doc. # 14] are GRANTED.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated:  July 7, 2008
Jefferson City, Missouri